279 So.2d 426

**William David KITTRELL**

v.

**The STATE of Alabama.**

**SC 357.**

Supreme Court of Alabama.

June 7, 1973.

Jacob Walker, Jr., Opelika, for appellant.

William J. Baxley, Atty. Gen., Montgomery; and J. Robert Ramsey, Special Asst. Atty. Gen., Dothan, for the State.

FAULKNER, Justice.

There is a small mobile home on Uniroyal Road, Lee County, Alabama. It was here, on January 29, 1971, that William David Kittrell shot James Robert Stearns to death.

There are many unusual details in the case. It appears that Kittrell, a 30-year-old truck driver, had been thrown out of his house by his wife, and went to stay with his friend Stearns, 45 years of age, in the mobile home. Kittrell was ill, and was lying in bed in his undershorts. Stearns wanted to minister to his sick friend:

"He had a bottle of baby oil in his hand and he rubbed some of it on my

chest and said it would help my cough in my throat. I said, 'okay.' Well, he started doing that, rubbing my chest and everything, and he started going down playing with me. Well, I pushed him off the bed. He got back up and tried to play with me again, and I pushed him back off the bed.

"Q. What do you mean by 'play with you?'

"A. Playing with my penis."

According to Kittrell, Stearns shortly thereafter came at him with a knife, whereupon Kittrell shot him to death.

Kittrell then took guns, rings, and wristwatches owned by Stearns, drove away in Stearns' car, and subsequently sold or gave away the dead man's property to various people later that evening. The next day Stearns' body was found, and Kittrell was arrested. Kittrell was tried by jury in Lee County, convicted of second-degree murder, and sentenced to thirty years in the penitentiary. He appealed to the Alabama Court of Criminal Appeals, and the cause was thereafter transferred to this Court.

On appeal, the principal contention raised is that the trial judge improperly refused numerous jury charges offered by the defendant.

The following charge was given at the request of the defendant:

"The Court charges the jury that the defendant had a right to defend himself from a homosexual assault just as he would have a right to defend himself from any other thind [sic] of illegal assault; and if you are satisfied from the evidence in this case that James Robert Stearns attempted to carry out an unnatural or homosexual act upon the person of the defendant, the Court charges you that the defendant had a right to defend himself from the carrying out of such act according to the rules of law applica-

ble to self-defense which the Court has already given to you.

"/s/ Given,
"L. J. Tyner,
"Judge"

The defendant then substituted the phrase "to use such force as was necessary to stop such homosexual assault upon him" for "to defend himself . . . according to the rules of law applicable to self-defense . . ." He submitted this as a separate charge, which was refused by the trial judge.

■ The dispute here concerns two areas for permissible use of force—self-defense, and prevention of a felony. In self-defense, of course, a person may use only such force as appears reasonably necessary under the circumstances. Higdon v. State, 25 Ala.App. 209, 143 So. 213 (1932). In preventing a felony, it is also clear that force may be used. Carroll v. State, 23 Ala. 28 (1853). Appellant seems to suggest that greater force may be used to prevent a felony than would be allowed in self-defense, thus justifying his additional jury charge. He cites dictum from Oliver v. State, 17 Ala. 587 (1850).

■ Although no authority directly on point has been called to our attention, we think the standard of force allowable is the same in both self-defense and prevention of a felony. The consequences of allowing grossly disproportionate force in preventing felonies would be too grave.

■ The proffered charge that defendant could use "such force as was necessary to stop such homosexual assault" was properly refused as either a misleading or a redundant statement of the law. If appellant meant to imply that any force would be allowable, regardless of circumstances, as he in fact argues in his brief, his charge was misleading or incorrect. If it does not so imply, it is merely repetitive of the charge, set out above in this opinion, that was in fact given at defendant's request. Title 7, § 273, Code of Alabama 1940, Recompiled 1958.

Appellant's argument on jury charges focuses exclusively upon the one refused charge discussed above. We have undertaken to review the other refused charges, and all of them were properly refused.

In this case, the jury would have been fully justified in finding self-defense; on the other hand they were fully justified in finding no self-defense. There was the defendant's testimony about the knife and/or sexual attack by the decedent. There was testimony by a friend that defendant told him, regarding the killing,

"He [Kittrell] didn't know what made him do it because he could whip him [Stearns] with one hand."

The facts were conflicting, the jury received the issue with correct instructions of law, and it was purely a question for them.

During the trial, defendant's undershorts, jacket, pants, and white socks were admitted into evidence. The state toxicologist testified he had found bloodstains thereon of the same type of blood (Type A) that ran in the veins of the decedent. The trial judge later learned that the analytical methods of the state toxicologist had resulted in complete removal of the stains from these articles of clothing. He thereupon ordered the clothing removed from evidence. Appellant complains that the jury's seeing this clothing injected ineradicable "poison" into the trial. We do not agree. In a trial where photos of the bloody corpse of the victim were in evidence, the prejudicial effect of seeing undershorts, socks, trousers, and a jacket from which the blood had been removed is, at best, dubious.

We discover no error in the record.

Judgment and sentence affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.