[No. 9196-4-I. Division One. November 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. KIM MARTIN CASTRO, *Appellant.*

*Roy N. Howson,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *John Austin, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The 18-year-old defendant, Kim Martin Castro, was charged with the crime of murder in the second degree in connection with the death of Hershel W. Hon. Following a trial, the jury by its verdict found the defendant not guilty of murder but guilty of the lesser included offense of manslaughter in the first degree.

At the trial, it was uncontroverted that the defendant had caused Mr. Hon's death by stabbing him approximately 46 times in the neck, head, chest, side and back. The defense was "that such stabbing occurred in circumstances constituting self-defense, whether by an act done to defend himself from grievous bodily harm or specifically to ward off a felonious act against his person by the deceased, that act being rape." Brief of Appellant, at 3.

No one witnessed the killing which occurred in Mr. Hon's apartment. The defendant testified that he called at Mr. Hon's apartment by mistake, then accepted an invitation to come in and smoke a marijuana cigarette and later killed Mr. Hon while warding off an attempted homosexual rape. Two other young men testified at trial that on separate occasions, when each was 15 or 16 years of age, Mr. Hon enticed them to enter his apartment, made homosexual advances toward them and frightened them into leaving.

Although the defendant's motion for a new trial and the trial court's ruling thereon do not appear in the appellate record, respective counsel in argument before this court agreed that such a motion was made and denied.

The defendant appeals to this court. Two issues are dispositive.

ISSUES

ISSUE ONE. Did the trial court err in instructing the jury on justifiable homicide?

ISSUE TWO. Did the trial court err in not granting a new trial on the basis of newly discovered evidence?

DECISION

ISSUE ONE.

CONCLUSION. The justifiable homicide instructions correctly stated the law.

The key challenged instruction reads as follows:

> It is a defense to a charge of murder or manslaughter that the homicide was justifiable as defined in this instruction.
>
> Homicide is justifiable when committed in the lawful defense of the slayer when the slayer has reasonable ground to believe that the person slain intends to commit a felony or to inflict death or great bodily harm and there is imminent danger of such harm being accomplished *or in the actual resistance of an attempt to commit a felony upon the slayer.*
>
> The slayer may employ such force and means as a reasonably prudent person would use under the same or similar conditions as they appeared to the slayer at the time.

(Italics ours.) Instruction No. 13.

The foregoing instruction is based on the justifiable homicide statute. It reads:

> Homicide—By other person—When justifiable. Homicide is also justifiable when committed either:
>
> (1) In the lawful defense of the slayer, or his or her husband, wife, parent, child, brother, or sister, or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; or
>
> (2) In the actual resistance of an attempt to commit a felony upon the slayer, in his presence, or upon or in a dwelling, or other place of abode, in which he is.

RCW 9A.16.050.

The first numbered subsection of the foregoing statute deals with self–defense and the second subsection deals with the prevention of felonies.

The above quoted instruction, excepting that portion which we have emphasized, is based on the first subsection of the statute and is in the approved language of WPIC 16.02. 11 Wash. Prac. 109 (1977). As to that, the defendant concedes that it correctly states the law of this state. The portion of the instruction above quoted which we have emphasized, however, is based on the second numbered subsection of the statute and it is that portion which the defendant argues implants error into the instruction.

The defendant argues that the last paragraph of instruction No. 13 relating to reasonable force does not apply to the second subsection of the statute pertaining to the prevention of felonies. More specifically, he argues in this connection that "if a man or woman perceives an attempted rape or other violent crime (whether or not it is true) such person may kill the other party only if that action is consistent with the actions of a reasonable man. However if the slayer was actually having a violent felony committed upon his or her person lethal force is in all cases justified whether or not any other person (reasonable or otherwise) would have acted similarly. To hold otherwise makes the second section of the statute a nullity." Brief of Appellant, at 25–26. We disagree.

█ In analyzing this aspect of the justifiable homicide statute, it is necessary to return to basics. RCW 9A.16.050 which defines justifiable homicide "is but a statutory declaration of the common law." *State v. Nyland,* 47 Wn.2d 240, 242, 287 P.2d 345 (1955).

> It is well settled that in resisting an attempt to commit a felony the person so resisting is not required to determine with absolute certainty what force is necessary for that purpose, but it does exact of him that *he shall not use any more force than shall seem to him to be reasonably necessary for that purpose.*

(Italics ours.) *State v. Harper,* 149 Mo. 514, 527–28, 51 S.W. 89, 93 (1899). *Accord, Kittrell v. State,* 291 Ala. 156, 279 So. 2d 426 (1973). *See also* 1 O. Warren & B. Bilas, *Homicide* § 147, at 637 (1938); *State v. Wanrow,* 88 Wn.2d 221, 233–36, 559 P.2d 548 (1977). The instruction was proper.

ISSUE TWO.

CONCLUSION. The trial court did not abuse its discretion by denying the defendant's motion for a new trial based on newly discovered evidence when such evidence was cumulative and would probably not have changed the result of the trial.

■ *State v. Letellier,* 16 Wn. App. 695, 699–700, 558 P.2d 838 (1977) summarizes the pertinent law:

From a substantial body of cumulative law, come well–defined principles declaring that a new trial will not be granted on the ground of newly discovered evidence unless five elements are established:
1. The claimed newly discovered evidence must be such that it will probably change the result if a new trial is granted.
2. The evidence must have been discovered since the trial.
3. It must be shown that the evidence could not have been discovered before the trial by the exercise of due diligence.
4. The evidence must be material to the issue and admissible.
5. The newly discovered evidence cannot be merely cumulative or impeaching.
*State v. Adams,* 181 Wash. 222, 43 P.2d 1 (1935); *State v. Peele,* 67 Wn.2d 724, 409 P.2d 663 (1966); *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969); *Nelson v. Mueller,* 85 Wn.2d 234, 533 P.2d 383 (1975); *State v. Gibson,* 75 Wn.2d 174, 449 P.2d 692 (1969); *State v. Franks,* 74 Wn.2d 413, 445 P.2d 200 (1968). In ruling on a motion for a new trial based on newly discovered evidence, a broad discretion is vested in the trial court which will not be disturbed except for a manifest abuse of that discretion. *Nelson v. Mueller, supra* at 240.

The affidavit of the newly found witness offered in sup-

port of the defendant's motion for a new trial recited facts occurring some 3 years previously. The proffered testimony was similar to the trial testimony of the two young witnesses referred to above. The affidavit concluded: "Mr. Hon did not at any time make any direct threats toward my person, but the overall situation left me in fear."

Thus the newly discovered witness, as with the two young witnesses who testified, were all to the same effect, that Mr. Hon made homosexual advances toward them, which startled them and caused them to flee. As such, we cannot say that the trial court abused its discretion by not granting a new trial on the basis of newly discovered evidence because such evidence was cumulative and would have been unlikely to change the result of the trial.

Affirmed.

JAMES, C.J., and CORBETT, J., concur.